## Whittaker v. McDonnell, Appellant.

*Negligence—Master and servant—Electric current—Province of court and jury.*

In an action by an employee against his employers to recover damages for personal injuries, the case is for the jury, and a verdict and judgment for plaintiff will be sustained where it appears that plaintiff, a blind man, was directed by the defendants to work at a boom of a derrick used in unloading wagons, that the derrick was operated so close to an electric line that the swaying wires came in contact with the metallic part of the boom to the injury of

the plaintiff, and that the defendant had knowledge of the proximity of the derrick to the electric wire.

Argued April 13, 1916.     Appeal, No. 22, April T., 1916, by defendants, from judgment of C. P. Allegheny Co., April T., 1914, No. 805, on verdict for plaintiff in case of William Whittaker v. John McDonnell and Henry McDonnell, trading as John McDonnell & Brothers. Before Orlady, P. J., Henderson, Kephart, Trexler and Williams, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Evans, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $250. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendants.

*F. C. McGirr,* with him *John E. Laughlin,* for appellants, cited: Yeager v. Edison Electric Co., 242 Pa. 101; Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540; Miller v. American Bridge Co., 216 Pa. 559; Ricks v. Flynn, 196 Pa. 263; McGrath v. Thompson, 231 Pa. 631.

*Thomas L. Morris,* with him *L. K. and S. G. Porter,* for appellee.

Opinion by Henderson, J., July 18, 1916:

There is no controversy in regard to the cause or extent of plaintiff's injury, nor can it be seriously alleged that he was guilty of contributory negligence. The defendants designated the place at which he was employed and the work which he was to perform. Being blind, he could not be charged with a failure to observe the condi-

tions surrounding him, if such observation might have avoided the accident.    Neither is there any dispute in regard to the location of the mast at which plaintiff was working, and the proximity of the boom to the electric wires.    It is conceded that this projecting attachment of the mast was within a foot or eighteen inches of the wires, and its length was such that it could be brought in contact with them.

The operation of unloading the cars involved the swinging of the boom from the car to the place in the yard where the stone was deposited, and the mast had remained in the same place with reference to the line of wires for several years.    The wires sagged to some extent and were moved to and fro by the action of the wind which prevailed during the day the accident occurred. The evidence tends to show that the electric current was communicated from one or more of the wires by contact with the iron head of the boom, and the metal rope which passed from the drum through the boom head.

The court submitted to the jury the question whether defendants were negligent in not knowing that the wires carried a heavy current of electricity, and in placing the defendant at work in a position which became dangerous by the contact of the wires with the boom.    On the established facts we think the learned trial judge was not in error in this instruction.

In the present state of general information on the subject of electricity it is not unreasonable to attribute to an ordinary person knowledge that electric wires are dangerous and are to be avoided as far as practicable by those whose employment does not require them to be in contact with them.    The defendants made no inquiry in regard to the nature of the electric service along this line, and had no knowledge on that subject; but this is not a sufficient answer to the charge that they placed their machine so close to the electric line that the swaying wires came in contact with the metallic part of the boom and thus communicated the current to the plaintiff.

One of the defendants was at work at the car and had an opportunity to observe the movement of the wires and to see that some of them came in contact with the boom, and we cannot say that there was no duty on the defendants to observe the nearness of the boom and wires and to take notice that risk was incident to their contact.   If the injury had resulted from an apparently impossible or improbable occurrence, the case would present a different aspect; but the jury has found that the conditions were dangerous and that defendants had knowledge of these conditions, or an opportunity of knowledge, and that the plaintiff's injury was the consequence of their failure to exercise reasonable care in respect to the location of the unloading apparatus.

We are not persuaded that the case should not be so disposed of.   The electric wires, the iron cover of the boom, and the communicating steel rope suggest risk and the possibility of a diverted current of electricity, and care proportionate to the risk was therefore the obligation of the defendants.

The testimony of Mr. Ouston as to the conversation which he had with one of the defendants some fifteen years ago is perhaps of no weight but under the circumstances, it was not necessary to show actual knowledge on the part of the defendants of the fact that the wires supplied a high-tension service.

The charge of the learned trial judge covered the essential features of the case and is free from error in the respects complained of.

Judgment is affirmed.